# EXHIBIT A

 **CT Corporation**

**TO:** Jill M Calafiore, Rm 3A119A
AT&T Corp.
One AT&T Way
Bedminster, NJ 07921-

**RE:** **Process Served in Tennessee**

**FOR:** BellSouth Telecommunications, LLC (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Antonio Dionysus Huey, Pltf. vs. At & T Corp., et al. including BellSouth Telecommunications, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Return, Complaint |
| **COURT/AGENCY:** | Davidson County Circuit Court, TN<br>Case # 13C2411 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wrongful termination of employment on basis of disability and race on June 11, 2012 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/01/2013 at 11:30 |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date this summons is served upon you |
| **ATTORNEY(S) / SENDER(S):** | Ann Buntin Steiner<br>Steiner & Steiner<br>613 Woodland Street<br>Nashville, TN 37206<br>615-244-5063 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/01/2013, Expected Purge Date: 07/06/2013<br>Image SOP<br>Email Notification, Jill M Calafiore jcalafiore@att.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / PV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20TH JUDICIAL DISTRICT

[X] First
[ ] Alias
[ ] Pluries

Antonio Dionysus Huey

**CIVIL ACTION**
**DOCKET NO.** 13C2411

_____ Plaintiff

**Method of Service:**

[ ] Davidson County Sheriff

**Vs.**

[X] Out of County Sheriff

Bellsouth Telecommunications, LLC

[ ] Secretary of State

Agent for Service: C.T. Corporation

[ ] Certified Mail

800 S. Gay Street, Suite 2021

[ ] Personal Service

Knoxville, TN 37929-9710

[ ] Commissioner of Insurance

_____ Defendant

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 6/11/2013

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Ann Buntin Steiner |
|---|---|
| | 613 Woodland Street |
| | Address |
| | Nashville, TN 37206 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this 19 day of Jun , 20 13    W C Bryant #B1864

SHERIFF

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.



## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _JUL 0 1 2012_ _____, 20_____, I:

[✓] served this summons and complaint/petition on _____ in the following manner:

Ericka Fry

*Thru, et* _Bellsouth Telecommunications LLC_ _____

[ ] failed to serve this summons within 90 days after its issuance because _____

_W C Bryant #131864_

Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 _____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No.

_____ to the defendant, _____. On the _____ day of

_____, I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20 ____. Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20 _____

_____
_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

**STATE OF TENNESSEE**
**COUNTY OF DAVIDSON**

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

By: _____ D.C.

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

FILED
JUN 1 1 2013
RICHARD R. ROOKER, Clerk
BY _____ Deputy

ANTONIO DIONYSUS HUEY,     )
                           )
    Plaintiff,         )
                           )
v.                         )
                           )     Case No. 13C.241
AT & T CORP., BELLSOUTH    )
TELECOMMUNICATIONS, INC. and )   Jury Demand (6)
BELLSOUTH TELECOMMUNICATIONS, )
LLC,                       )
                           )
    Defendants.        )

**COMPLAINT**

Comes the Plaintiff, Antonio Dionysus Huey, and would state unto this Honorable Court as follows:

1.    Plaintiff, Antonio Dionysus Huey, brings this action under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et. seq.* and § 4-21-301, *et. seq.*, and Tenn. Code Ann. § 4-21-401 *et. seq.* and the Tennessee Disability Act, §8-50-103, *et seq.* for discrimination, retaliation and hostile work environment. Plaintiff also sues for willful violations of the Family and Medical Leave Act, 29 U.S.C. §2601 et. seq., and for retaliation under this act.

**PARTIES**

2.    Plaintiff, Antonio Dionysus Huey, is a citizen and resident of Nashville, Davidson County, Tennessee.

3.    The Defendant, AT & T Corp., is a private New Jersey corporation operating a telecommunications business in Nashville, Davidson County, Tennessee. The agent for service of process is C.T. Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN, 37929-9710.

1

4.     The Defendant, Bellsouth Telecommunications, Inc., is a Georgia corporation operating a telecommunications business in Nashville, Davidson County, Tennessee. The agent for service of process is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

5.     The Defendant, Bellsouth Telecommunications, LLC, is a Georgia corporation operating a telecommunication business in Nashville, Davidson County, Tennessee. The agent for service of process is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710.

### FACTS

6.     Plaintiff, Antonio Dionysus Huey, was hired by BellSouth Telecommunications, Inc. and/or Bellsouth Telecommunications, LLC on June 28, 2005, as an inside sales associate in the internet web department. Defendants, Bellsouth Telecommunications, Inc. and/or Bellsouth Telecommunications, LLC, merged with Defendant, AT & T in early 2007.

7.     In the course of his employment, Plaintiff sought care from Cynthia Frye, the approved licensed clinical social worker for the Defendants. Ms. Frye diagnosed Plaintiff with depression and anxiety in 2009.

8.     Because of these serious medical conditions, Plaintiff applied for and was granted leave under FMLA. Cynthia Fyre authorized the FMLA request. Plaintiff began his leave in early 2009 and took leave intermittently for several years. Because of the nature of this illness, Plaintiff would take leave for days on a sporadic basis.

9.     Plaintiff's supervisor was Naomi Wickham. Plaintiff was told by several supervisors that Naomi Wickham did not like him and the watch his back.

2

10.    It is believed Wickham, Plaintiff's Department Center Sales Manager, contacted Defendants' FMLA Benefit Manager, Mary Glass, and expressed a concern about FMLA benefit fraud abuse by Plaintiff. On February 20, 2012, the FMLA Benefit Manager, Mary Glass, told Defendants' Asset Protection Department that Plaintiff was engaging in FMLA benefit fraud abuse and claimed Plaintiff was showing a pattern of abuse of his FMLA benefits. Plaintiff's Department Center Sales Manager concurred with this allegation. Defendants' Asset Protection then, without notifying Plaintiff, hired a contract surveillance company to follow and spy upon Plaintiff.

11.    On March 22, 2013, March 23, 2013, and April 18, 2013, Plaintiff took FMLA leave. On these days, the surveillance company observed Plaintiff at his girlfriend's house and driving to his child's daycare. He was also observed "in and out of his residence during the observations in March." None of these activities were in contravention of his medical limitations while on leave. Plaintiff's house was also watched on April 18, 2012, and an "unidentified black female" left his residence at approximately 10:30 a.m. The investigators followed the female in her vehicle. When they returned to Plaintiff's house, he was gone and he had gone to work and arrived at 12:00 p.m.

12.    On May 7, 2012, Plaintiff was called into a meeting with Asset Protection employees, Bill Carroll and Richard Turner, on the pretense of a Benefits Fraud Investigation. Plaintiff would assert he did not engage in any fraud.

13.    Cynthia Frye wrote a letter dated May 8, 2012, in which she stated "as with mental illness, the patient in not confined to a bed but is encouraged to carry out as much of daily functions as possible." This letter was given to Defendants.

3

14.	Despite this letter, thereafter, on June 11, 2012, Defendants wrongfully fired Plaintiff for falsifying documents. Plaintiff did not falsify any documents.

15.	On February 6, 2013, Plaintiff filed an EEOC charge alleging discrimination based upon his disability and his race. Plaintiff has not received his right to sue letter.

16.	Plaintiff would state he was singled out for investigation and was spied upon based on his race. Similarly situated white employees on FMLA leave were not spied upon or terminated.

17.	Plaintiff would state he was discriminated against and fired due to his race, in direct violation of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et. seq.*, § 4-21-301, *et. seq.* and Tenn. Code Ann. § 4-21-401, *et. seq.*

18.	Plaintiff would assert that Defendants discriminated and retaliated against him based upon his disability, in violation of the Tennessee Disability Act, §8-50-103, *et seq*.

19.	Plaintiff would state that Defendants created a hostile work environment for the Plaintiff.

20.	Defendants discriminated and retaliated against Plaintiff based upon his taking leave under the Family and Medical Leave Act, 29 U.S.C. § 2601. Defendants knew or showed reckless disregard for whether their conduct was prohibited by the FMLA.

**WHEREFORE, PLAINTIFF PRAYS:**

1.	Plaintiff, Antonio Huey, be granted a judgment against the Defendants in the amount of $1,500,000.00 for compensatory and other damages suffered by him including, but not limited to, damages for pain and suffering, humiliation and embarrassment, back pay, interest on back pay, lost benefits, medical bills and injury to character and personal injury. Plaintiff also sues for liquidated damages.

4

2.     Defendants be ordered to reinstate Plaintiff, with all accumulated salary rights and benefits as if continuously employed from the date of his application and/or for a judgment for front pay, with all accumulated salary rights and benefits, including but not limited to health insurance benefits and long term and short term disability benefits.

3.     Plaintiff further prays for punitive damages and for pre-judgment interest, attorney's fees, litigation costs, and the cost of this cause.

4.     Plaintiff prays for a jury of six (6) to try this cause.

5.     Plaintiff prays for such other further relief as may be necessary or appropriate.

Respectfully Submitted,


Ann Buntin Steiner, #11697
The Law Offices of Steiner & Steiner
613 Woodland Street
Nashville, TN 37206
(615) 244-5063
*Attorney for Plaintiff, Antonio Huey*

5

 **CT Corporation**

TO: Jill M Calafiore, Rm 3A119A
AT&T Corp.
One AT&T Way-
Bedminster, NJ 07921-

RE: **Process Served in Tennessee**

FOR: BellSouth Telecommunications, LLC (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Antonio Dionysus Huey, Pltf. vs. At & T Corp., et al. including BellSouth Telecommunications, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Return, Complaint |
| **COURT/AGENCY:** | Davidson County Circuit Court, TN Case # 13C2411 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wrongful termination of employment on basis of disability and race on June 11, 2012 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/01/2013 at 11:30 |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date this summons is served upon you |
| **ATTORNEY(S) / SENDER(S):** | Ann Buntin Steiner Steiner & Steiner 613 Woodland Street Nashville, TN 37206 615-244-5063 |
| **REMARKS:** | Process taken on Bellsouth Telecommunications LLC due to it's conversion in domestic state. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/01/2013, Expected Purge Date: 07/06/2013 Image SOP Email Notification, Jill M Calafiore jcalafiore@att.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 800 S. Gay Street Suite 2021 Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / PV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
### DAVIDSON COUNTY
### 20TH JUDICIAL DISTRICT

[X] First
[ ] Alias
[ ] Pluries

Antonio Dionysus Huey

_____

_____

_____
                                    **Plaintiff**

CIVIL ACTION
DOCKET NO. _13C 2411_

**Method of Service:**

[ ] Davidson County Sheriff

**Vs.**

[X] Out of County Sheriff

Bellsouth Telecommunications, Inc.

[ ] Secretary of State

Agent for Service: C.T. Corporation

[ ] Certified Mail

800 S. Gay Street, Suite 2021

[ ] Personal Service

Knoxville, TN 37929-9710

[ ] Commissioner of Insurance
                                    **Defendant**

**To the above named Defendant:**

**You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.**

**In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.**

ISSUED: _6|11|2013_

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

**By:** _____
                                    Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Ann Buntin Steiner |
|---|---|
| | 613 Woodland Street |
| | Address |
| | Nashville, TN 37206 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _18_ day of _Jun_ , 20_13_

_W C Bryant / #B1864_
**SHERIFF**

[♿] **To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.**

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of __JUL 0 1 2012__ _____, 20_____, I:

[ ✓ ] served this summons and complaint/petition on _____

Ericka Fry                                                                 in the following manner:

_____ _____ __Bellsouth Telecommunication LLC._____

[ ] failed to serve this summons within 90 days after its issuance because _____

W C Bryant / #B1364

Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No.

_____ to the defendant, _____. On the _____ day of

_____, 20_____, I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20_____. Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20_____.

_____

_____NOTARY PUBLIC or _____DEPUTY CLERK

MY COMMISSION EXPIRES: _____

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if
copy certification required.)

By: _____D.C.

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| ANTONIO DIONYSUS HUEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 13C 241 |
| AT & T CORP., BELLSOUTH | ) | |
| TELECOMMUNICATIONS, INC. and | ) | Jury Demand (6) |
| BELLSOUTH TELECOMMUNICATIONS, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes the Plaintiff, Antonio Dionysus Huey, and would state unto this Honorable Court as follows:

1. Plaintiff, Antonio Dionysus Huey, brings this action under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et. seq.* and § 4-21-301, *et. seq.*, and Tenn. Code Ann. § 4-21-401 *et. seq.* and the Tennessee Disability Act, §8-50-103, *et seq.* for discrimination, retaliation and hostile work environment. Plaintiff also sues for willful violations of the Family and Medical Leave Act, 29 U.S.C. §2601 et. seq., and for retaliation under this act.

## PARTIES

2. Plaintiff, Antonio Dionysus Huey, is a citizen and resident of Nashville, Davidson County, Tennessee.

3. The Defendant, AT & T Corp., is a private New Jersey corporation operating a telecommunications business in Nashville, Davidson County, Tennessee. The agent for service of process is C.T. Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN, 37929-9710.

1

4.     The Defendant, Bellsouth Telecommunications, Inc., is a Georgia corporation operating a telecommunications business in Nashville, Davidson County, Tennessee. The agent for service of process is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

5.     The Defendant, Bellsouth Telecommunications, LLC, is a Georgia corporation operating a telecommunication business in Nashville, Davidson County, Tennessee. The agent for service of process is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710.

## FACTS

6.     Plaintiff, Antonio Dionysus Huey, was hired by BellSouth Telecommunications, Inc. and/or Bellsouth Telecommunications, LLC on June 28, 2005, as an inside sales associate in the internet web department. Defendants, Bellsouth Telecommunications, Inc. and/or Bellsouth Telecommunications, LLC, merged with Defendant, AT & T in early 2007.

7.     In the course of his employment, Plaintiff sought care from Cynthia Frye, the approved licensed clinical social worker for the Defendants. Ms. Frye diagnosed Plaintiff with depression and anxiety in 2009.

8.     Because of these serious medical conditions, Plaintiff applied for and was granted leave under FMLA. Cynthia Fyre authorized the FMLA request. Plaintiff began his leave in early 2009 and took leave intermittently for several years. Because of the nature of this illness, Plaintiff would take leave for days on a sporadic basis.

9.     Plaintiff's supervisor was Naomi Wickham. Plaintiff was told by several supervisors that Naomi Wickham did not like him and the watch his back.

2

10.     It is believed Wickham, Plaintiff's Department Center Sales Manager, contacted Defendants' FMLA Benefit Manager, Mary Glass, and expressed a concern about FMLA benefit fraud abuse by Plaintiff. On February 20, 2012, the FMLA Benefit Manager, Mary Glass, told Defendants' Asset Protection Department that Plaintiff was engaging in FMLA benefit fraud abuse and claimed Plaintiff was showing a pattern of abuse of his FMLA benefits. Plaintiff's Department Center Sales Manager concurred with this allegation. Defendants' Asset Protection then, without notifying Plaintiff, hired a contract surveillance company to follow and spy upon Plaintiff.

11.     On March 22, 2013, March 23, 2013, and April 18, 2013, Plaintiff took FMLA leave. On these days, the surveillance company observed Plaintiff at his girlfriend's house and driving to his child's daycare. He was also observed "in and out of his residence during the observations in March." None of these activities were in contravention of his medical limitations while on leave. Plaintiff's house was also watched on April 18, 2012, and an "unidentified black female" left his residence at approximately 10:30 a.m. The investigators followed the female in her vehicle. When they returned to Plaintiff's house, he was gone and he had gone to work and arrived at 12:00 p.m.

12.     On May 7, 2012, Plaintiff was called into a meeting with Asset Protection employees, Bill Carroll and Richard Turner, on the pretense of a Benefits Fraud Investigation. Plaintiff would assert he did not engage in any fraud.

13.     Cynthia Frye wrote a letter dated May 8, 2012, in which she stated "as with mental illness, the patient in not confined to a bed but is encouraged to carry out as much of daily functions as possible." This letter was given to Defendants.

3

14.     Despite this letter, thereafter, on June 11, 2012, Defendants wrongfully fired Plaintiff for falsifying documents. Plaintiff did not falsify any documents.

15.     On February 6, 2013, Plaintiff filed an EEOC charge alleging discrimination based upon his disability and his race. Plaintiff has not received his right to sue letter.

16.     Plaintiff would state he was singled out for investigation and was spied upon based on his race. Similarly situated white employees on FMLA leave were not spied upon or terminated.

17.     Plaintiff would state he was discriminated against and fired due to his race, in direct violation of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et. seq.*, § 4-21-301, *et. seq.* and Tenn. Code Ann. § 4-21-401, *et. seq.*

18.     Plaintiff would assert that Defendants discriminated and retaliated against him based upon his disability, in violation of the Tennessee Disability Act, §8-50-103, *et seq.*

19.     Plaintiff would state that Defendants created a hostile work environment for the Plaintiff.

20.     Defendants discriminated and retaliated against Plaintiff based upon his taking leave under the Family and Medical Leave Act, 29 U.S.C. § 2601. Defendants knew or showed reckless disregard for whether their conduct was prohibited by the FMLA.

**WHEREFORE, PLAINTIFF PRAYS:**

1.     Plaintiff, Antonio Huey, be granted a judgment against the Defendants in the amount of $1,500,000.00 for compensatory and other damages suffered by him including, but not limited to, damages for pain and suffering, humiliation and embarrassment, back pay, interest on back pay, lost benefits, medical bills and injury to character and personal injury. Plaintiff also sues for liquidated damages.

4

2.      Defendants be ordered to reinstate Plaintiff, with all accumulated salary rights and benefits as if continuously employed from the date of his application and/or for a judgment for front pay, with all accumulated salary rights and benefits, including but not limited to health insurance benefits and long term and short term disability benefits.

3.      Plaintiff further prays for punitive damages and for pre-judgment interest, attorney's fees, litigation costs, and the cost of this cause.

4.      Plaintiff prays for a jury of six (6) to try this cause.

5.      Plaintiff prays for such other further relief as may be necessary or appropriate.

Respectfully Submitted,

Ann Buntin Steiner, #11697
The Law Offices of Steiner & Steiner
613 Woodland Street
Nashville, TN 37206
(615) 244-5063
*Attorney for Plaintiff, Antonio Huey*

5

 **CT Corporation**

**TO:**   Jill M Calafiore, Rm 3A119A
AT&T Corp.
One AT&T Way-
Bedminster, NJ 07921-

**RE:**   **Process Served in Tennessee**

**FOR:**   AT&T Corp. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Antonio Dionysus Huey, Pltf. vs. AT&T Corp., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Return, Complaint |
| **COURT/AGENCY:** | Davidson County Circuit Court, TN<br>Case # 13C2411 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - Plaintiff's was wrongfully terminated from employment on basis of race on June 11, 2012 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/01/2013 at 11:30 |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after date of service |
| **ATTORNEY(S) / SENDER(S):** | Ann Buntin Steiner<br>Steiner & Steiner<br>613 Woodland Street<br>Nashville, TN 37206<br>615-244-5063 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/01/2013, Expected Purge Date: 07/11/2013<br>Image SOP<br>Email Notification, Jill M Calafiore jcalafiore@att.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Amy McLaren<br>800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# STATE OF TENNESSEE
# DAVIDSON COUNTY
### 20TH JUDICIAL DISTRICT

[X] First
[ ] Alias
[ ] Pluries

Antonio Dionysus Huey

CIVIL ACTION
DOCKET NO. _13C 941_

_____

_____ **Plaintiff**

**Method of Service:**

**Vs.**

[ ] Davidson County Sheriff

AT&T Corp.

[X] Out of County Sheriff

Agent for Service: C.T. Corporation

[ ] Secretary of State

800 S. Gay Street, Suite 2021

[ ] Certified Mail

Knoxville, TN 37929-9710

[ ] Personal Service

**Defendant**

[ ] Commissioner of Insurance

**To the above named Defendant:**

**You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.**

**In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.**

ISSUED: 6/11/2013

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Ann Buntin Steiner |
|---|---|
| | 613 Woodland Street |
| | Address |
| | Nashville, TN 37206 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this 19 day of Jun 20__ Bryant #B1864

**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ JUL 0 1 2012 _____ , 20_____ , I:

☐ [✓] served this summons and complaint/petition on _____ in the following manner:

Ericka Fry

AT&T Corp

☐ failed to serve this summons within 90 days after its issuance because _____

W C Bryant #B1864
_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 _____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____ . On the _____ day of _____ , 20 _____ , I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____ , 20 _____ . Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____ , 20 _____ .

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK

MY COMMISSION EXPIRES: _____

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

(To be completed only if copy certification required.)

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

By: _____ D.C.

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
### AT NASHVILLE

ANTONIO DIONYSUS HUEY,      )
                               )

       Plaintiff,            )
                               )

v.                                )
                               )     Case No. 13c-2491

AT & T CORP., BELLSOUTH       )
TELECOMMUNICATIONS, INC. and   )     Jury Demand (6)
BELLSOUTH TELECOMMUNICATIONS, )
LLC,                             )
                               )

       Defendants.         )

FILED
JUN 11 2013
By RICHARD R. ROOKER, Clerk

### COMPLAINT

Comes the Plaintiff, Antonio Dionysus Huey, and would state unto this Honorable Court as follows:

1.      Plaintiff, Antonio Dionysus Huey, brings this action under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et. seq.* and § 4-21-301, *et. seq.*, and Tenn. Code Ann. § 4-21-401 *e'. seq.* and the Tennessee Disability Act, §8-50-103, *et seq.* for discrimination, retaliation and hostile work environment. Plaintiff also sues for willful violations of the Family and Medical Leave Act, 29 U.S.C. §2601 et. seq., and for retaliation under this act.

### PARTIES

2.      Plaintiff, Antonio Dionysus Huey, is a citizen and resident of Nashville, Davidson County, Tennessee.

3.      The Defendant, AT & T Corp., is a private New Jersey corporation operating a telecommunications business in Nashville, Davidson County, Tennessee. The agent for service of process is C.T. Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN, 37929-9710.

1

4.     The Defendant, Bellsouth Telecommunications, Inc., is a Georgia corporation operating a telecommunications business in Nashville, Davidson County, Tennessee. The agent for service of process is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

5.     The Defendant, Bellsouth Telecommunications, LLC, is a Georgia corporation operating a telecommunication business in Nashville, Davidson County, Tennessee. The agent for service of process is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710.

## FACTS

6.     Plaintiff, Antonio Dionysus Huey, was hired by BellSouth Telecommunications, Inc. and/or Bellsouth Telecommunications, LLC on June 28, 2005, as an inside sales associate in the internet web department. Defendants, Bellsouth Telecommunications, Inc. and/or Bellsouth Telecommunications, LLC, merged with Defendant, AT & T in early 2007.

7.     In the course of his employment, Plaintiff sought care from Cynthia Frye, the approved licensed clinical social worker for the Defendants. Ms. Frye diagnosed Plaintiff with depression and anxiety in 2009.

8.     Because of these serious medical conditions, Plaintiff applied for and was granted leave under FMLA. Cynthia Fyre authorized the FMLA request. Plaintiff began his leave in early 2009 and took leave intermittently for several years. Because of the nature of this illness, Plaintiff would take leave for days on a sporadic basis.

9.     Plaintiff's supervisor was Naomi Wickham. Plaintiff was told by several supervisors that Naomi Wickham did not like him and the watch his back.

2

10.     It is believed Wickham, Plaintiff's Department Center Sales Manager, contacted Defendants' FMLA Benefit Manager, Mary Glass, and expressed a concern about FMLA benefit fraud abuse by Plaintiff. On February 20, 2012, the FMLA Benefit Manager, Mary Glass, told Defendants' Asset Protection Department that Plaintiff was engaging in FMLA benefit fraud abuse and claimed Plaintiff was showing a pattern of abuse of his FMLA benefits. Plaintiff's Department Center Sales Manager concurred with this allegation. Defendants' Asset Protection then, without notifying Plaintiff, hired a contract surveillance company to follow and spy upon Plaintiff.

11.     On March 22, 2013, March 23, 2013, and April 18, 2013, Plaintiff took FMLA leave. On these days, the surveillance company observed Plaintiff at his girlfriend's house and driving to his child's daycare. He was also observed "in and out of his residence during the observations in March." None of these activities were in contravention of his medical limitations while on leave. Plaintiff's house was also watched on April 18, 2012, and an "unidentified black female" left his residence at approximately 10:30 a.m. The investigators followed the female in her vehicle. When they returned to Plaintiff's house, he was gone and he had gone to work and arrived at 12:00 p.m.

12.     On May 7, 2012, Plaintiff was called into a meeting with Asset Protection employees, Bill Carroll and Richard Turner, on the pretense of a Benefits Fraud Investigation. Plaintiff would assert he did not engage in any fraud.

13.     Cynthia Frye wrote a letter dated May 8, 2012, in which she stated "as with mental illness, the patient in not confined to a bed but is encouraged to carry out as much of daily functions as possible." This letter was given to Defendants.

3

14. Despite this letter, thereafter, on June 11, 2012, Defendants wrongfully fired Plaintiff for falsifying documents. Plaintiff did not falsify any documents.

15. On February 6, 2013, Plaintiff filed an EEOC charge alleging discrimination based upon his disability and his race. Plaintiff has not received his right to sue letter.

16. Plaintiff would state he was singled out for investigation and was spied upon based on his race. Similarly situated white employees on FMLA leave were not spied upon or terminated.

17. Plaintiff would state he was discriminated against and fired due to his race, in direct violation of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et. seq.*, § 4-21-301, *et. seq.* and Tenn. Code Ann. § 4-21-401, *et. seq.*

18. Plaintiff would assert that Defendants discriminated and retaliated against him based upon his disability, in violation of the Tennessee Disability Act, §8-50-103, *et seq.*

19. Plaintiff would state that Defendants created a hostile work environment for the Plaintiff.

20. Defendants discriminated and retaliated against Plaintiff based upon his taking leave under the Family and Medical Leave Act, 29 U.S.C. § 2601. Defendants knew or showed reckless disregard for whether their conduct was prohibited by the FMLA.

**WHEREFORE, PLAINTIFF PRAYS:**

1. Plaintiff, Antonio Huey, be granted a judgment against the Defendants in the amount of $1,500,000.00 for compensatory and other damages suffered by him including, but not limited to, damages for pain and suffering, humiliation and embarrassment, back pay, interest on back pay, lost benefits, medical bills and injury to character and personal injury. Plaintiff also sues for liquidated damages.

4

2.    Defendants be ordered to reinstate Plaintiff, with all accumulated salary rights and benefits as if continuously employed from the date of his application and/or for a judgment for front pay, with all accumulated salary rights and benefits, including but not limited to health insurance benefits and long term and short term disability benefits.

3.    Plaintiff further prays for punitive damages and for pre-judgment interest, attorney's fees, litigation costs, and the cost of this cause.

4.    Plaintiff prays for a jury of six (6) to try this cause.

5.    Plaintiff prays for such other further relief as may be necessary or appropriate.

Respectfully Submitted,

Ann Buntin Steiner, #11697
The Law Offices of Steiner & Steiner
613 Woodland Street
Nashville, TN 37206
(615) 244-5063
*Attorney for Plaintiff, Antonio Huey*

5